CITY OF AKRON *v.* BARCLAY.

[Cite as Akron v. Barclay (1978), 57 Ohio Misc. 17.]

(No. 78 TRD 35395—Decided September 19,1978.)

Akron Municipal Court.

*Mr. Peter D. Oldham,* prosecuting attorney, for plaintiff.

*Mr. Dennis J. Bartek,* for defendant.

GEORGE, J.  The defendant, through his counsel, has moved the court to dismiss the within cause for the reason that the ordinance under which he is charged fails to adequately notify a person as to what conduct is proscribed and that the ordinance is, therefore, vague.

The defendant has been charged with a violation of Section 416.05, Akron City Code, entitled "Walking on Sidewalks and Streets."

The facts of this case are not in dispute and are as follows:

That on September 1, 1978, at approximately 10:00 p. m., the defendant was running in the street adjacent to the curb on South Hawkins Avenue in Akron, Summit County, Ohio. The defendant was arrested and charged with a violation of Section 416.05, Akron City Code, which reads in pertinent part:

"*Walking on Sidewalks and Streets.*

"(a) Where a sidewalk is provided and its use is practicable, no pedestrian shall walk along and upon an adjacent roadway."

The arrest occurred after the defendant had previously been warned, by the arresting officers, to run on the sidewalk instead of in the roadway. After receiving the officers' warning, the defendant did in fact attempt to run on the sidewalk, but found that it was in an uneven condition and that cars parked in driveways across the sidewalk so as to block the path of pedestrian travel.

The defendant argues that the ordinance uses the word "walk" and therefore prohibits only walking as opposed to other modes of foot travel. In support of this position, the defendant submits Webster's New Collegiate Dictionary's definition of the word "run":

"Run: to go faster than a walk; specifically, to go steadily by springing steps so that both feet leave the ground for an instant in each step."

That same dictionary defines "walk" as follows:

"Walk: to advance by steps, the gait of a biped in which the feet are lifted alternately with one foot not clear of the ground before the other touches."

The defendant further argues that the ordinance does not provide a method whereby one can immediately determine whether or not the use of the sidewalk is practicable. Should the use of the sidewalk be impracticable the defendant is excused from the prohibition of the ordinance against travelling in the roadway. However, should there be a determination that the sidewalk is practicable for use, then the prohibition comes into effect and the defendant must use the sidewalk.

Finally, the defendant argues that the language of the ordinance must be strictly construed, as required under R. C. 2901.04 (A), since it is criminal in nature. This argument is based upon the ordinance drafter's use of the word "walk," in contrast to the word "run."

The city failed to file a brief supporting its position as to the validity of the ordinance and the instant charge. The city relied solely upon its oral argument to defend the instant charge. The city argued that the ordinance was enacted for the safety of pedestrians and vehicular traffic alike, and that the term, walk, necessarily includes the

term, run. These arguments were offered by the city with-out the benefit of any supporting authorities and therefore lack substance.

Further the city argued that because the defendant was warned several times to run on the sidewalk, his con-tinued conduct of running in the street was in violation of the ordinance under which he was charged.

The court finds as follows:

(1) That the term "walk" as used in Section 416.05, Akron City Code, does not include the term "run." The ordinance does not prohibit running, but rather walking, on the roadway. There is a distinct difference between the two modes of foot travel as each form is commonly used and defined. (See definitions *supra*.) Since criminal statutes are required by law to be strictly construed, running does not come within the ambit of this ordinance;

(2) that the question of whether or not the sidewalks were practicable for pedestrian travel is a determination to be made in each case by the finder of fact; and

(3) that the facts of this case support a determina-tion that the sidewalks were not practicable for use by the defendant for running .

While it is evident that the defendant used poor judg-ment in selecting South Hawkins Avenue as a suitable place to run, such activity cannot be said to be violative of Sec-tion 416.05, Akron City Code. Further, this court will not, by judicial fiat, legislate the proscribed conduct of jog-gers and runners.

While each of the findings of the court singularly sup-ports a dismissal of the charge against the defendant, taken together they overwhelmingly require such dismissal.

It is therefore, ordered, adjudged and decreed that the defendant be discharged and the case be dismissed, at the city's cost.

*Case dismissed.*